The Honorable James L. Robart

1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WASHINGTON

8

LINDA VOPNFORD,

NO. 2:16-cv-01835-JLR

9

Plaintiff,

10

v.

11

WELLCARE HEALTH PLANS, a Florida
Corporation, headquartered in Florida with

12

offices in Washington, and parent company
of COMPREHENSIVE HEALTH

STIPULATED PROTECTIVE ORDER

13

MANAGEMENT, INC., D/B/A
WELLCARE, previously known as

14

WINDSOR HEALTH GROUP/WINDSOR
HEALTH PLAN, formerly owned by

15

MUNICH Re and also doing business as
OLYMPIC HEALTH MANAGEMENT

16

AND STERLING LIFE INSURANCE,
formerly owned by AON, doing business as

17

OLYMPIC HEALTH MANAGEMENT,
COMPREHENSIVE HEALTH

18

MANAGEMENT, INC., a Florida
Corporation, FRANK WEBSTER, and

19

TOM CAHILL.

20

Defendants.

21

22

1.    PURPOSES AND LIMITATIONS

23

Discovery in this action is likely to involve production of confidential, proprietary, or

24

private information for which special protection may be warranted. Accordingly, the parties hereby

25

stipulate to and petition the court to enter the following Stipulated Protective Order. The parties

STIPULATED PROTECTIVE ORDER
(Case No. 2:16-cv-01835-JLR)

Page 1

Ellis | Li | McKinstry
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206.682.0565  Fax: 206.625.1052

1   acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket

2   protection on all disclosures or responses to discovery, the protection it affords from public

3   disclosure and use extends only to the limited information or items that are entitled to confidential

4   treatment under the applicable legal principles, and it does not presumptively entitle parties to file

5   confidential information under seal.

6   2.    "CONFIDENTIAL" MATERIAL

7        "Confidential" material shall include the following documents and tangible things

8   produced or otherwise exchanged: Plaintiff's medical records and other personnel records and

9   records containing private and confidential information relating to third parties, including

10   information relating to salaries, benefits, job duties and other confidential information of

11   Defendant Comprehensive Health Management, Inc.'s employees.

12   3.    SCOPE

13        The protections conferred by this agreement cover not only confidential material (as

14   defined above), but also (1) any information copied or extracted from confidential material; (2) all

15   copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

16   conversations, or presentations by parties or their counsel that might reveal confidential material.

17        However, the protections conferred by this agreement do not cover information that is in

18   the public domain or becomes part of the public domain through trial or otherwise.

19   4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

20        4.1    Basic Principles. A receiving party may use confidential material that is disclosed

21   or produced by another party or by a non-party in connection with this case only for prosecuting,

22   defending, or attempting to settle this litigation. Confidential material may be disclosed only to the

23   categories of persons and under the conditions described in this agreement. Confidential material

24   must be stored and maintained by a receiving party at a location and in a secure manner that ensures

25   that access is limited to the persons authorized under this agreement.

STIPULATED PROTECTIVE ORDER
(Case No. 2:16-cv-01835-JLR)

Page 2

Ellis | Li | McKinstry
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206.682.0565  Fax: 206.625.1052

1       4.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered

2 by the court or permitted in writing by the designating party, a receiving party may disclose any

3 confidential material only to:

4       (a)    the receiving party's counsel of record in this action, as well as employees

5 of counsel to whom it is reasonably necessary to disclose the information for this litigation;

6       (b)    the officers, directors, and employees (including in house counsel) of the

7 receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

8 agree that a particular document or material produced is for Attorney's Eyes Only and is so

9 designated;

10       (c)    experts and consultants to whom disclosure is reasonably necessary for this

11 litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

12       (d)    the court, court personnel, and court reporters and their staff;

13       (e)    copy or imaging services retained by counsel to assist in the duplication of

14 confidential material, provided that counsel for the party retaining the copy or imaging service

15 instructs the service not to disclose any confidential material to third parties and to immediately

16 return all originals and copies of any confidential material;

17       (f)    during their depositions, witnesses in the action to whom disclosure is

18 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

19 (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

20 transcribed deposition testimony or exhibits to depositions that reveal confidential material must

21 be separately bound by the court reporter and may not be disclosed to anyone except as permitted

22 under this agreement;

23       (g)    the author or recipient of a document containing the information or a

24 custodian or other person who otherwise possessed or knew the information.

25

Ellis | Li | McKinstry
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206.682.0565  Fax: 206.625.1052

1    4.3    Filing Confidential Material. Before filing confidential material or discussing or

2  referencing such material in court filings, the filing party shall confer with the designating party

3  to determine whether the designating party will remove the confidential designation, whether the

4  document can be redacted, or whether a motion to seal or stipulation and proposed order is

5  warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards

6  that will be applied when a party seeks permission from the court to file material under seal.

7  5.    DESIGNATING PROTECTED MATERIAL

8    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party

9  or non-party that designates information or items for protection under this agreement must take

10  care to limit any such designation to specific material that qualifies under the appropriate

11  standards. The designating party must designate for protection only those parts of material,

12  documents, items, or oral or written communications that qualify, so that other portions of the

13  material, documents, items, or communications for which protection is not warranted are not swept

14  unjustifiably within the ambit of this agreement.

15    Mass, indiscriminate, or routinized designations are prohibited. Designations that are

16  shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

17  unnecessarily encumber or delay the case development process or to impose unnecessary expenses

18  and burdens on other parties) expose the designating party to sanctions.

19    If it comes to a designating party's attention that information or items that it designated for

20  protection do not qualify for protection, the designating party must promptly notify all other parties

21  that it is withdrawing the mistaken designation.

22    5.2    Manner and Timing of Designations. Except as otherwise provided in this

23  agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

24  ordered, disclosure or discovery material that qualifies for protection under this agreement must

25  be clearly so designated before or when the material is disclosed or produced.

STIPULATED PROTECTIVE ORDER
(Case No. 2:16-cv-01835-JLR)

Page 4

Ellis | Li | McKinstry
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206.682.0565  Fax: 206.625.1052

1          (a)     Information in documentary form: (*e.g.*, paper or electronic documents and

2    deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

3    the designating party must affix the word "CONFIDENTIAL" to each page that contains

4    confidential material. If only a portion or portions of the material on a page qualifies for protection,

5    the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate

6    markings in the margins).

7          (b)     Testimony given in deposition or in other pretrial proceedings: the parties

8    and any participating non-parties must identify on the record, during the deposition or other pretrial

9    proceeding, all protected testimony, without prejudice to their right to so designate other testimony

10    after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the

11    transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or

12    exhibits thereto, as confidential.  If a party or non-party desires to protect confidential information

13    at trial, the issue should be addressed during the pre-trial conference.

14          (c)     Other tangible items: the producing party must affix in a prominent place

15    on the exterior of the container or containers in which the information or item is stored the word

16    "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

17    the producing party, to the extent practicable, shall identify the protected portion(s).

18          5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

19    designate qualified information or items does not, standing alone, waive the designating party's

20    right to secure protection under this agreement for such material. Upon timely correction of a

21    designation, the receiving party must make reasonable efforts to ensure that the material is treated

22    in accordance with the provisions of this agreement.

23    6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

24          6.1     Timing of Challenges. Any party or non-party may challenge a designation of

25    confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

Ellis | Li | McKinstry
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206.682.0565  Fax: 206.625.1052

1  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

2  burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

3  challenge a confidentiality designation by electing not to mount a challenge promptly after the

4  original designation is disclosed.

5      6.2   <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute

6  regarding confidential designations without court involvement. Any motion regarding confidential

7  designations or for a protective order must include a certification, in the motion or in a declaration

8  or affidavit, that the movant has engaged in a good faith meet and confer conference with other

9  affected parties in an effort to resolve the dispute without court action. The certification must list

10 the date, manner, and participants to the conference. A good faith effort to confer requires a face-

11 to-face meeting or a telephone conference.

12     6.3   <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court

13 intervention, the designating party may file and serve a motion to retain confidentiality under Local

14 Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

15 persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

16 made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

17 other parties) may expose the challenging party to sanctions. All parties shall continue to maintain

18 the material in question as confidential until the court rules on the challenge.

19 7.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

20 <u>LITIGATION</u>

21     If a party is served with a subpoena or a court order issued in other litigation that compels

22 disclosure of any information or items designated in this action as "CONFIDENTIAL," that party

23 must:

24     (a)   promptly notify the designating party in writing and include a copy of the

25 subpoena or court order;

Ellis | Li | McKinstry
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206.682.0565  Fax: 206.625.1052

1         (b)      promptly notify in writing the party who caused the subpoena or order to

2 issue in the other litigation that some or all of the material covered by the subpoena or order is

3 subject to this agreement. Such notification shall include a copy of this agreement; and

4         (c)      cooperate with respect to all reasonable procedures sought to be pursued by

5 the designating party whose confidential material may be affected.

6 8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

7       If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

8 material to any person or in any circumstance not authorized under this agreement, the receiving

9 party must immediately (a) notify in writing the designating party of the unauthorized disclosures,

10 (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the

11 person or persons to whom unauthorized disclosures were made of all the terms of this agreement,

12 and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be

13 Bound" that is attached hereto as Exhibit A.

14 9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

15 MATERIAL

16       When a producing party gives notice to receiving parties that certain inadvertently

17 produced material is subject to a claim of privilege or other protection, the obligations of the

18 receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

19 is not intended to modify whatever procedure may be established in an e-discovery order or

20 agreement that provides for production without prior privilege review. The parties   agree to the

21 entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

22 10.    NON TERMINATION AND RETURN OF DOCUMENTS

23       Within 60 days after the termination of this action, including all appeals, each receiving

24 party must return all confidential material to the producing party, including all copies, extracts and

25 summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

STIPULATED PROTECTIVE ORDER
(Case No. 2:16-cv-01835-JLR)

Page 7

Ellis | Li | McKinstry
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206.682.0565  Fax: 206.625.1052

1       Notwithstanding this provision, counsel are entitled to retain one archival copy of all

2 documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

3 deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

4 product, even if such materials contain confidential material.

5       The confidentiality obligations imposed by this agreement shall remain in effect until a

6 designating party agrees otherwise in writing or a court orders otherwise.

7

8          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

9 DATED: April 10, 2018        *s/ Lawrence A. Hildes*
10                                    Attorneys for Plaintiff

11 DATED: April 10, 2018        *s/ Peter A. Milianti*
                                      Attorneys for Defendant

12 DATED: April 10, 2018        *s/ Nathaniel L. Taylor*
13                                    Attorneys for Defendant

14

15      PURSUANT TO STIPULATION, IT IS SO ORDERED

16       IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

17 documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding

18 in any other court, constitute a waiver by the producing party of any privilege applicable to those

19 documents, including the attorney-client privilege, attorney work-product protection, or any other

20 privilege or protection recognized by law.

21

22 DATED: 10 April 2018

23

24                            The Honorable James L. Robart
25                            United States District Court Judge

STIPULATED PROTECTIVE ORDER
(Case No. 2:16-cv-01835-JLR)

Page 8

Ellis | Li | McKinstry
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206.682.0565  Fax: 206.625.1052

1

EXHIBIT A

2

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3      I, _____ [print  or  type  full  name],  of

4  _____ [print or type full address], declare under penalty of

5  perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6  issued by the United States District Court for the Western District of Washington on

7  _____ in the case of **Vopnford v. WellCare Health Plans, Inc. et al., Case No. 2:16-**

8  **cv-01835-JLR** I agree to comply with and to be bound by all the terms of this Stipulated Protective

9  Order and I understand and acknowledge that failure to so comply could expose me to sanctions

10  and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

11  any information or item that is subject to this Stipulated Protective Order to any person or entity

12  except in strict compliance with the provisions of this Order.

13      I further agree to submit to the jurisdiction of the United States District Court for the

14  Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

15  Order, even if such enforcement proceedings occur after termination of this action.

16  Date: _____

17  City and State where sworn and signed: _____

18  Printed name: _____

19  Signature: _____

20

21

22

23

24

25

STIPULATED PROTECTIVE ORDER
(Case No. 2:16-cv-01835-JLR)

Page 9

Ellis | Li | McKinstry
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206.682.0565  Fax: 206.625.1052