UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| LINDA VOPNFORD, | CASE NO. C16-1835JLR |
| --- | --- |
| Plaintiff, | ORDER DENYING MOTION TO EXTEND DISPOSITIVE MOTIONS DEADLINE |
| v. | |
| WELLCARE HEALTH PLANS, et al., | |
| Defendants. | |

On June 25, 2018, Plaintiff Linda Vopnford moved for a three-week extension of the dispositive motions deadline on June 26, 2018. (Mot. (Dkt. # 76) at 2; *see* Sched. Order (Dkt. # 24).) Ms. Vopnford's counsel represents that he has been engaged in other matters and that his co-counsel, who would have authored Ms. Vopnford's dispositive motion, "has been away on a long-scheduled rafting trip." (Mot. at 2; Hildes Decl. (Dkt. # 77) ¶¶ 2-4.)

//

ORDER - 1

Federal Rule of Civil Procedure 16 provides that a schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "Good cause" for the purposes of Rule 16 focuses on the diligence of the party seeking to modify the pre-trial scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the parties'] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference." *Id.* at 608.

The court issues scheduling orders setting trial dates and related dates to provide a reasonable schedule for the resolution of disputes. The schedule generally provides 90 days between the deadline for filing dispositive motions and the trial date. This 90-day period takes into account: (a) an approximate 30-day lag between the date a party files a motion and the date that motion becomes ripe for the court's consideration, *see* Local Rules W.D. Wash. LCR 7(d)(3); and (b) an additional 30 days during which the court endeavors to rule on the motion, *id.* LCR 7(b)(5). Anything short of a 90-day period leaves inadequate time for the parties to consider the court's ruling and plan for trial or an alternate resolution.

In contravention of the principles outlined above, Ms. Vopnford's motion would set the dispositive motions deadline fewer than 90 days before trial. (*See* Sched. Order at

1 (setting trial for September 24, 2018).) Moreover, Ms. Vopnford fails to offer good cause to justify the requested extension. For example, Ms. Vopnford does not explain why her counsel could not have previously anticipated the workload presented by other matters or the rafting trip that had been "long-scheduled." (*See* Mot.); *Jackson*, 186 F.R.D. at 608. Accordingly, the court DENIES Ms. Vopnford's motion to extend the dispositive motions deadline (Dkt. # 76).

Dated this 26th day of June, 2018.

JAMES L. ROBART
United States District Judge